1

2

3

4

5

6

7

8           **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DONALD G. PHILLIPS,                           No. CIV S-12-0045-CMK-P

12                Plaintiff,

13        vs.                                       <u>ORDER</u>

14   SACRAMENTO COUNTY
     SHERIFF'S DEPARTMENT, et al.,

15                Defendants.

16   _____/

17

18            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

19   42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C.

20   § 636(c) and no other party has been served or appeared in the action.  Pending before the court

21   is plaintiff's amended complaint (Doc. 6).

22            The court is required to screen complaints brought by prisoners seeking relief

23   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

24   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

25   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

26   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

1

1    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

2    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

3    This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

4    84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

5    if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

6    which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

7    allege with at least some degree of particularity overt acts by specific defendants which support

8    the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

9    impossible for the court to conduct the screening required by law when the allegations are vague

10   and conclusory.

11           On June 26, 2012, the court directed plaintiff to show cause within 30 days why

12   this action should not be dismissed.  The court stated:

13           Plaintiff names the following as defendants: Sacramento
         County Sheriff's Department and Sacramento County Sheriff Scott R.
14       Jones.  Plaintiff claims:

15           On 12-14-2011, I Donald G. Phillips was booked into
         Sacramento County Main Jail.  on said date and on each day since I
16       have requested medical attention re: chronic neck and back pain,
         matter of medical records spinal surgery, Hepatitis 'C' and skin
17       cancer.  As of this date 1-2-2012 I have not received any medical
         attention in regard to the aforementioned.
18           My pain and known pain management Rx medication is a
         matter of record here at my place of confinement as well I have
19       submitted primary care Sacramento and Methodist Hosp. Elk
         Grove as medical professionals able to validate my medical needs.

20
             Plaintiff has not stated a claim against the Sacramento
21       County Sheriff's Department.  Municipalities and other local government
         units are among those "persons" to whom § 1983 liability applies.  See
22       Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties and
         municipal government officials are also "persons" for purposes of § 1983.
23       See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439,
         1443 (9th Cir. 1989).  A local government unit, however, may not be held
24       responsible for the acts of its employees or officials under a respondeat
         superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520
25       U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions of
         the municipality, and not of the actions of its employees or officers.  See
26       id.  To assert municipal liability, therefore, the plaintiff must allege that

                                              2

the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988). In this case, plaintiff has not alleged the existence of any policy or custom which resulted in the claimed constitutional violation.

Plaintiff also has not stated a claim against Sheriff Jones. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S.Ct. at 1948. In this case, plaintiff's sole theory of liability against Jones is respondeat superior.

Plaintiff was warned that failure to respond could result in dismissal of the action, both for the reasons outlined in the order to show cause as well as for lack of prosecution and failure to comply with court orders. To date, plaintiff has not filed a response.

/ / /

/ / /

/ / /

/ / /

3

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.    This action is dismissed with prejudice for failure to state a claim;

3    2.    Plaintiff's motion for partial return of filing fees (Doc. 12) is denied as

4 moot; and

5    3.    The Clerk of the Court is directed to enter judgment and close this file.

6

7    DATED:   August 8, 2012

8    _____

9    **CRAIG M. KELLISON**
     UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26